# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexksandr Kniazev, | No. CV-25-02036-PHX-SPL (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Kristopher Kline, | |
| Respondent. | |

Petitioner Alexksandr Kniazev, who is confined in the Florence Service Processing Center, filed a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) and paid the filing fee. The Court will require an expedited answer to the Petition.

In his Petition, Petitioner names Florence Correctional Complex Warden Kristopher Kline as Respondent. Petitioner raises two grounds for relief. He claims he is a Russian citizen who sought asylum at the Otay Mesa, California port of entry on April 10, 2025. (Doc. 1 at 9.) Petitioner asserts he was detained at the border by Immigrations and Customs Enforcement. (*Id.*) Petitioner remains in detention and received a negative assessment under the Convention Against Torture (CAT), meaning Petitioner allegedly did not establish he was likely to be tortured if returned to Russia. (*Id.* at 9.) Petitioner sought a credible fear determination for the purpose of seeking asylum and an immigration judge's review of his negative CAT determination, but those requests have been denied. (*Id.*) Petitioner seeks the opportunity to apply for asylum and review by an immigration judge

in Ground One and challenges the conditions of his confinement in Ground Two.

On January 20, 2025, President Donald Trump issued Proclamation 10888, "Guaranteeing the States Protection Against Invasion." In that Proclamation, the President declared that the entry of (1) "any alien who fails, before entering the United States, to provide Federal officials with sufficient medical information and reliable criminal history and background information" and (2) "aliens engaged in the invasion across the southern border" are "detrimental to the interests of the United States." 90 Fed. Reg. at 8335. The President directed "that entry into the United States of such aliens be suspended." *Id.* In addition to suspending entry of such aliens, the President "restrict[ed] their access to provisions of the INA that would permit their continued presence in the United States, including, but not limited to, section 208 of the INA, 8 U.S.C. § 1158," *id.*, which provides the right to claim asylum.

Another Court in this District recently granted a preliminary injunction determining "[t]he Proclamation [] likely lacks any statutory or constitutional authority and, resultingly, does not prevent Plaintiff from pursuing a final determination on her asylum claim." *Fatemeh Tabatabaeifar v. Kika Scott, et al.*, CV-25-01238-PHX-GMS (MTM), 2025 WL 1397114, at *9 (D. Ariz. May 14, 2025). More specifically, the Court stated:

> The Supreme Court has made clear that "the President may not override particular provisions of the INA through the power granted to him in § 1182(f)." *East Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 760 (9th Cir. 2018). By "restricting" certain aliens from accessing the "provisions of the INA . . . including, but not limited to [Section] 1158," 90 Fed. Reg. at 8335, the President, through the express terms of the Proclamation, unlawfully "override[s] particular provisions of the INA." *See Trump v. Hawaii*, 585 U.S. 667, 689 (2018); *Nat'l Ass'n of Mfr. v. U.S. Dep't of Homeland Sec.*, 491 F. Supp. 3d 564, 566 (N.D. Cal. 2020) (holding at the preliminary injunction stage "that the issuance of [a presidential proclamation pursuant to Section 1182(f)] is invalid based on the finding that it unlawfully eviscerates portions of the INA").
>
> And, similar to the proclamation in *East Bay Sanctuary Covenant*, this Proclamation's restriction on "access to provisions of the INA that would permit their continued presence in the United States," 90 Fed. Reg. at 8335,

is not a valid "exercise of the President's authority under § 1182(f) because it does not concern the suspension of entry or otherwise 'impose on the entry of aliens . . . restrictions [the President] deem[s] to be appropriate.'" *See* 932 F.3d at 773 (quoting 8 U.S.C. § 1182(f)). The plain language of Section 1182(f) does not mention or reference asylum, much less delegate any authority to restrict access to asylum, as provided by Congress in Section 1158(a)(1). By granting the President broad power to restrict entry into the United States, Congress did not grant the President any power to restrict an alien's right to request asylum. Because, in delegating to the President the power to restrict the entry of aliens under Section 1182(f), "Congress did not delegate authority to eviscerate portions of the statute in which the Congressional delegation of power was made." *Nat'l Ass'n of Mfr.*, 491 F. Supp. 3d at 564.

*Tabatabaeifar*, 2025 WL 1397114, at *6 (internal citations expanded).[1]

The Court will require Respondent to answer the Petition on an expedited basis. To the extent Petitioner seeks a stay of removal (*see* Doc. 1 at 7), that request is denied without prejudice in the absence of a separate motion addressing the relevant factors. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (to obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest").

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States

---

[1] To the extent Respondent will contend 8 U.S.C. § 1252(g) deprives this Court of jurisdiction to enjoin Petitioner's removal, that contention is far from clear. The Supreme Court has confirmed that the jurisdictional bars under § 1252 are "aimed at protecting the Executive's discretion from the courts." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 486 (1999). Here, if the Proclamation lacks statutory or constitutional authority, the decision whether to follow the statutorily mandated process delineated in § 1225(b) would not be discretionary.

Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(2) The Clerk of Court must immediately transmit by email a copy of this Order and a copy of the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, and Lon Leavitt at lon.leavitt@usdoj.gov.

(3) Respondent must answer the Petition within 10 days of the date of service.

(4) Petitioner may file a reply within 10 days from the date of service of the answer.

Dated this 16th day of June, 2025.

Honorable Steven P. Logan
United States District Judge