# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Alexksandr Kniazev,

      Petitioner,

v.

Kristopher Kline,

      Respondent.

No. CV-25-02036-PHX-SPL (JZB)

**ORDER**

Petitioner filed this action under § 2241 on June 11, 2025 seeking to enjoin his expedited removal.  On June 6, 2025, in a separate matter, *Togoev v. United States Attorney General*, CV-25-01960-PHX-GMS, District Judge Snow entered an order stating:

> In light of *Tabatabaeifar v. Scott*, No. CV-25-01238, 2025 WL 1397114 (D. Ariz. May 14, 2025) and *Davtyan v. U.S. Att'y Gen., et al.*, No. CV-25-01826 (D. Ariz. May 28, 2025), the United States is temporarily restrained from depriving those who have claimed asylum of their statutory and regulatory rights associated with asylum, such as the right to a credible fear determination and an immigration judge's review under 8 C.F.R. § 208.30 and 8 U.S.C. § 1225(b)(1)(B)(iii)(III) for the next 14 days throughout the jurisdiction of the United States District Court for the District of Arizona.

*Togoev v. United States Attorney General*, No. CV-25-01960, Doc. 5 at 5:8-14.

Petitioner was removed from the United States on June 12, 2025.  The Court therefore directed Respondents to file a response to this Order answering a series of questions aimed at determining whether Respondents violated Judge Snow's June 6, 2025 Order.  (Doc. 11.)

Respondents filed their response indicating, in part, "[t]he Togoev Order did not explicitly restrain the removal of aliens who had previously claimed asylum in different jurisdictions or require DHS to review the removal orders and proceedings of every individual with a final expedited order of removal who was being removed during the 14-day period." (Doc. 12 at 3.) And because Petitioner had already been transferred to a different district, Respondents believe they did not violate Judge Snow's Order.

The Court cannot conclude on the present record that Respondents violated the letter of Judge Snow's June 6, 2025 Order. And because Petitioner has been removed, this action is moot. *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) ("We hold that because Abdala's habeas claims challenged only the length of his detention . . . his grievance could no longer be remedied once he was deported. His petition was thus rendered moot by his removal.") The Court will therefore dismiss this action as moot.

**IT IS THEREFORE ORDERED** Petitioner's Petition under 28 U.S.C. § 2241 (Doc. 1) and this case are dismissed as moot.

**IT IS FURTHER ORDERED** all pending motions are denied and the Clerk of Court must enter judgment accordingly and close this case.

Dated this 2nd day of February, 2026.

Honorable Steven P. Logan
United States District Judge

- 2 -